IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:23-CR-00222-SDJ-AGD |
| | § | |
| COLTON BINGHAM (1) | § | |

## AMENDED REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Colton Bingham's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on May 8, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Heather Rattan.

Defendant was sentenced on April 30, 2018, before The Honorable Reed O'Connor of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute a Controlled Substance, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years imprisonment. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. Defendant was subsequently sentenced to 46 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing, alcohol abstinence, and a $100 special assessment. On June 16, 2023, Defendant completed his period of imprisonment and began service of the supervision term. Jurisdiction of this case was transferred on October 2, 2023, and the case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas. On December 6,

2023, the conditions of supervision were modified to include participation in a home detention program with electronic monitoring for 90 days. (Dkt. #12 at p. 1, Sealed).

On May 2, 2024, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #11, Sealed). The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall refrain from any unlawful use of a controlled substance; (2) <u>Standard Condition</u> Defendant shall refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (3) <u>Standard Condition</u> Defendant shall not leave the federal judicial district without the permission of the Court or probation officer; (4) <u>Standard Condition</u> Defendant shall not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (5) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; and (6) <u>Special Condition</u> Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. Defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month. (Dkt. #43 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On August 28, 2023, Defendant reported to the U.S. Probation Office and submitted a positive urine specimen for methamphetamine. He verbally admitted to using methamphetamine, and the specimen was confirmed by the national lab; (2) On September 5, 2023, Defendant reported to the U.S. Probation

office and submitted a positive urine specimen for cocaine. He initially denied using any illegal substances. However, after further questioning, he admitted to using methamphetamine. Furthermore, the specimen was confirmed by the national lab confirming cocaine use only. On April 11, 2024, Defendant reported to the U.S. Probation Office and submitted a positive urine specimen for methamphetamine. He verbally admitted to using methamphetamine on April 8, 2024. The specimen was sent to the national lab for confirmation. On April 18, 2024, Defendant reported to McCary Counseling, Denton, Texas, and submitted a positive urine specimen for methamphetamine and methylenedioxymethamphetamine (MDMA). The specimen was sent to the national lab for confirmation; (3) During an office visit on November 3, 2023, Defendant verbally admitted to traveling outside of the Eastern District of Texas on several occasions to Weatherford, Texas, which is within the Northern District of Texas. He did not have permission to travel there. Additionally, On November 17, 2023, the probation office was notified by the Sanger Police Department that Defendant's mother filed a missing person report on him. The report indicated that Defendant had been missing since November 12, 2023. The probation office was able to contact Defendant, via phone, on November 20, 2023. During that phone conversation, Defendant admitted to traveling to Houston, Texas, which is in the Southern District of Texas. Upon questioning about his travel, Defendant advised he was unaware Houston, Texas was not within the supervising district. Defendant did not have permission to travel there; (4) During an office visit on November 3, 2023, Defendant verbally admitted to associating with Kendall Garza, a convicted felon under federal supervision. Her supervision status was confirmed through her supervising officer in the Northern District of Texas. Ms. Garza overdosed on an unknown substance at Defendant's residence on July 23, 2023; (5) During an office visit on November 3, 2023, Defendant admitted to visiting Ms. Garza on several occasions despite being instructed not

to have any more association with her following the incident on July 23, 2023. As such, he failed to follow the instructions of the probation officer. Additionally, he admitted to being untruthful with the probation officer about his association with Ms. Garza; and (6) As part of the random drug testing program, Defendant failed to submit a urine specimen at McCary Counseling, Denton, Texas on August 26, and September 2, 2023. Additionally, as part of the substance abuse treatment program, he failed to attend group counseling on September 5, 2023. (Dkt. #11 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 1 of the Petition. Having considered the Petition and the plea of true to allegation 1, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of ten (10) months, with a 3-year term of supervised release to follow. All prior conditions imposed in the original judgment are reimposed here.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in the Dallas–Fort Worth, Texas area, if appropriate.

**SIGNED this 10th day of June, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE